UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARTIN KAO,<br><br>*Defendant.* | Case No. 22-CR-48 (CJN) |

**MEMORANDUM IN AID OF SENTENCING FOR MARTIN KAO**

Mr. Kao, through undersigned counsel, respectfully submits this memorandum in aid of sentencing for his hearing that is scheduled to occur on October 20 by video. Mr. Kao respectfully requests that the Court sentence him to a period of time-served with no supervised release and no fine.

Mr. Kao was charged with his co-defendants, Lawrence Lum Kee and Clifford Chen in a conspiracy to violate various campaign contribution statutes and regulations. The criminal conduct occurred between July 1, 2019, and March 27, 2020. At the time of his plea, the parties estimated his guideline range to be 24 to 30 months, and the government agreed that any sentence within that range would be a reasonable sentence. Mr. Kao was free to request a sentence below that range. The government also agreed not to a defense request to run any sentence imposed concurrently to the sentence imposed in his District of Hawaii case, a case that charged conduct that occurred during the same period of this indictment.

Mr. Kao submits that given the sentence imposed in that District of Hawaii case – a sentence of 87 months incarceration, 5 years of supervised release with 12,000 hours of community service, and $12.8 million in restitution -- the best course of action is to impose a sentence of time-served in this case. This would obviate the need for the BOP to calculate a

1

release date and would reduce the likelihood that bureaucratic mistakes occur in the calculation of good-time credit and first step act credit that Mr. Kao might be entitled to, while making no difference in the actual amount of time served by Mr. Kao. Additionally, because Mr. Kao will be supervised in Hawaii, where he will be residing, for a period longer than any potential supervision here, there is no need for an additional or even concurrent period of supervision in the District of Columbia. The 2025 amendments to the sentencing guidelines for Chapter 7 support this position in that they indicate the Court should make an individualized determination of whether supervision is necessary. It is a more pragmatic approach that aims to direct the limited resources to those who need supervision. Here, Mr. Kao will be under supervision in the District of Hawaii where he resides for five years. There is no need to duplicate those services.

      Mr. Kao has demonstrated that he is a humbled and changed man. He was placed on release conditions in February 2022 and was in full compliance with those conditions until he was directed to surrender to the BOP on March 25, 2025, to serve his custodial sentence in that case. Since reporting to the BOP, he has had no disciplinary infractions and has participated in what limited programming is available to him with his education level. Because there are limited classes available to him, he is instead pursuing opportunities to contribute by teaching in the BOP.

      Mr. Kao, unlike his codefendants in this case, almost immediately accepted responsibility for his conduct and agreed to plead guilty. He subsequently spent several days providing the government full information about his role and that of others in the Company in the conduit contribution scheme as well as other aspects of the pay to play scheme that pervaded Navatek and Capitol Hill – his conduct in this case was for the benefit of Navatek. Despite getting no personal benefit, it was important to him to come fully clean about his role in a pervasively

corrupt system that crossed party lines and went very far up the political system and business community.

Mr. Kao has committed no criminal conduct since 2020. He has lost everything he worked hard to achieve, but in doing so, has learned what and who really matters. He has done a tremendous amount of soul-searching, has recognized the harms he caused, and has sought to repair the damage his actions caused his community and his family. He humbled himself and worked at the Cheesecake Factory as a line cook and as a dishwasher at another restaurant to support his family while this case was pending. He now participates in the Inmate Financial Responsibility Program to make whatever payments he can toward his restitution and special assessments.  He and his wife have two minor children, one with special needs. He also has elderly parents who, until his incarceration, heavily depended on him. As the PSR notes, he is not able to pay a fine. This case is a campaign conduit contribution case, and no restitution is appropriate for reasons we can address later if restitution is sought.

The Probation Office has calculated a range that is higher than that estimated by the parties in their plea agreement. This higher range is because the Probation Office has applied additional enhancements and because Mr. Kao has been assigned a criminal history category II rather than I because his case in Hawaii proceeded first and resulted in 3 criminal history points. Regardless, because the government, Mr. Kao and the Probation Office all agree that any sentence in this case should not result in any additional term of incarceration, if the Court agrees, it is academic.

Rather than impose upon his friends and family any further, Mr. Kao submits the letters that were written on his behalf in this case in the District of Hawaii – letters that were all written well after the plea in this case. We urge the Court to sentence Mr. Kao to time-served with no

supervision to follow, no fine, and no additional community service.

                                     Respectfully Submitted,

                                     A.J. KRAMER
                                     FEDERAL PUBLIC DEFENDER

                                     Michelle Peterson
                                     Chief Assistant Federal Public Defender
                                     625 Indiana Avenue, N.W., Suite 550
                                     Washington, D.C. 20004
                                     (202) 208-7500