**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal No.: 1:22-cr-00048 (CJN)** |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **MARTIN KAO,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Federal campaign finance laws serve the dual purposes of prohibiting any one individual or corporation from gaining improper influence through excessive campaign contributions and providing transparency to voters and government regulators. When an individual seeks to use a "straw donor" to exceed the contribution limits, these purposes are thwarted, and the campaign finance system is undermined.

That is what happened here. Defendant Martin Kao conspired with others to conceal the true donor to Campaign Committee A and Political Committee A. In doing so, he caused false reports to be filed with the Federal Election Commission ("FEC"). These are serious offenses, as reflected in the sentencing guidelines, which call for a significant period of incarceration. However, in consideration of Mr. Kao's relatively prompt acceptance of responsibility and the significant sentence Mr. Kao received in his District of Hawaii case, the United Sates believes that a guideline sentence at the low end (41 months) that runs concurrent to his sentence in Hawaii sufficiently serves the interests of justice in this case.

1

I.     **Background**

 On February 10, 2022, Mr. Kao was charged in a five-count indictment with Conspiracy (Count One), in violation of 18 U.S.C. § 371, Conduit Contributions (Count Two), in violation of 52 U.S.C. §§ 30122, 30109(d)(1)(A)(i), Contributions by Government Contractors (Count Three), in violation of 52 U.S.C. §§ 30119, 30109(d)(1)(A)(i), and False Statements (Counts Four and Five), in violation of 18 U.S.C. § 1001. At the time, Mr. Kao was already charged with fraud out of the District of Hawaii in 21-CR-61.

On September 27, 2022, Mr. Kao entered a global plea, agreeing to plead guilty to Counts 1, 2, 4, and 5 to the indictment in this case. Additionally, he agreed to plead guilty in the case from the District of Hawaii. As part of the plea agreement, the Government agreed to not oppose the sentence in this case running concurrent to the sentence in the case in the District of Hawaii.

As detailed in the Statement of Offense in Support of Guilty Plea, Mr. Kao was the President and CEO of Company A. In that role and during the 2020 election cycle, Mr. Kao initiated a scheme and conspired with others to funnel money into Candidate A's authorized federal campaign committee and Political Committee A—an independent expenditure-only political action committee supportive of Candidate A. Mr. Kao, who was aware of FEC regulations, structured his and his co-conspirators' contributions to conceal that he was making contributions in excess of legal limits to Candidate A's authorized federal campaign committee and to conceal that contributions were being made to Political Committee A from a government contractor—specifically, Company A.

In total, Mr. Kao and his co-conspirators made $205,600 in conduit contributions to either Candidate A' authorized federal campaign committee or Political Committee A.

## II.    <u>Guidelines Calculations</u>

The Defendant's Guidelines calculations set forth in the Presentence Investigation Report, are as follows[1]:

| | |
|---|---|
| Base Offense Level | 8 (§ 2C1.8) |
| Exceeding $150,000 | +10 (§§ 2C1.8(b)(1), 2B1.1(b)(1)(F) |
| Use of government funds | +2 (§ 2C1.8(b)(3)(A) |
| Aggravating role | +2 (§ 3B1.1(c)) |
| Position of public trust | +2 (§ 3B1.3) |
| Acceptance of Responsibility | -3 |
| | |
| **Total Offense Level:** | **21** |
| | |
| Criminal History Category II | 3 points |
| Guidelines Sentencing Range | 41-51 months |

## III.    <u>Legal Principles</u>

Section 3553(a) of Title l8 of the United States Code governs sentencing in federal criminal cases and provides that the Court shall consider, in relevant part: "the offense . . . the history and characteristics of the defendant. . . respect for the law. . . just punishment . . . adequate deterrence . . . the sentencing range ,. . and the need to avoid unwarranted sentencing disparities," all in imposing a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). When determining the appropriate sentence, a court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a).  *See United States v. Gall*, 128 S. Ct. 586, 596 (2007).

## IV.    <u>Sentencing Recommendation</u>

The Government recommends a sentence at the low-end of the guidelines—41 months.  As President and CEO of Company A, Mr. Kao flaunted the law and circumvented rules to benefit

---

[1] As noted by the defense in its sentence memorandum, probation's guidelines calculation differs from the calculation in the agreement due to its application of additional enhancements. However, should the Court agree with the recommendations of probation, the defense, and the government for a sentence to run concurrent to Mr. Kao's sentence from Hawaii, there will be little practical effect to the higher guidelines range.

himself and his company. He did this by submitting fraudulent loan applications on behalf of Company A. And he attempted to do this by initiating the conduit contribution scheme that is the subject of this offense. In that way, Mr. Kao's two cases can be seen as part and parcel of his apparent willingness to cut corners for his or his company's gain. Mr. Kao already faces a significant sentence for this behavior—87 months incarceration and a restitution order of $12,841,490.[2]

Campaign finance laws serve the important purpose of transparency in elections, and their violations must be taken seriously. Mr. Kao enacted an elaborate scheme to make conduit contributions in order to gain political favor with a U.S. Senator who could benefit Company A. To his credit, he accepted responsibility, and as noted by defense, he was open about his role in the conduit contribution scheme. A concurrent sentence of 41 months is "sufficient, but not greater than necessary" to serve the § 3553(a) factors.  The sentence, in conjunction with the sentence in the District of Hawaii, serves as adequate deterrence to Mr. Kao, and provides for general deterrence to future federal contractors and donors, who are once again served notice that the Government will criminally prosecute those who violate their campaign finance laws.

### V.    <u>Conclusion</u>

Based on the applicable Guidelines and a consideration of the sentencing factors provided in 18 U.S.C. § 3553(a), the Government recommends that Mr. Kao be sentenced to 41 months incarceration to run concurrent to his sentence in District of Hawaii case 21-CR-61.

---

[2] The government is not seeking restitution in this case. The Government is not aware of any conduit contribution case where the Mandatory Victim Restitution Act was applied. Moreover, because Mr. Kao undertook the scheme to benefit Company A, Company A does not meet the typical conception of a victim under the Act.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ Joshua Gold*
Joshua A. Gold
D.C. Bar No. 90033536
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20539
Office: 202-815-8965
Joshua.Gold@usdoj.gov